UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES SHEET METAL WORKERS' NATIONAL PENSION FUND, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | ) Civil Action No. 1:23-cv-00894 PTG/IDD |
| NORTHLAND METAL EXTERIORS, LLC, | )<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Board of Trustees of the Sheet Metal Workers' National Pension Fund's ("NPF"), the Board of Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry's ("ITI"), the Board of Trustees of the Sheet Metal Workers' Occupational Health Institute Trust's ("SMOHIT"), and the Board of Trustees of the National Energy Management Institute Committee's ("NEMIC") (collectively, "Plaintiffs" or "Funds"), Motion for Default Judgment against Defendant Northland Metal Exteriors, LLC ("Northland" or "Defendant"), pursuant to Fed. R. Civ. P. 55(b) ("Motion"). Dkt. No. 7. After Defendant failed to timely file a responsive pleading or otherwise defend this action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, and the supporting documentation thereto, the undersigned Magistrate Judge makes the following findings and recommends that the Motion be **GRANTED** as to Counts I and II of the Complaint.

### I. INTRODUCTION

On July 10, 2023, Plaintiffs filed this action under Sections 502(a)(3), (d)(1), (g)(2), and 515, of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), and 1145 and under Section 301(a) of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185 (collectively, "Acts"). Compl. ¶ 1. ERISA allows parties to enforce provisions of collective bargaining agreements. In their Complaint, Plaintiffs seek monetary judgment against Defendant awarding delinquent contributions, accrued interest, liquidated damages, and attorneys' fees and costs. Dkt. No. 1. Plaintiffs bring two claims against Defendants for delinquent contributions: (I) claim by funds for delinquent contributions and (II) NPF's claim for exit contribution. *Id.*

#### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this case, pursuant to 28 U.S.C. § 1331, because this case arises under a federal law, ERISA. Furthermore, jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132 (e) and (f), and Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(c).

The Court has personal jurisdiction over Defendant, pursuant to ERISA, which provides that any action brought under the statute "may be brought in the district where the plan is administered." *See* 29 U.S.C. § 1132(e)(2). ERISA also allows for nationwide service of process. *Id.* "Where a defendant has been validly served pursuant to a federal statute's nationwide service of process provision, a district court has personal jurisdiction over the defendant so long as jurisdiction comports with the Fifth Amendment." *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Services, Inc.*, 791 F.3d 436, 443, 2015 WL 3940851 (4th Cir. 2015). To support a Fifth Amendment challenge, a defendant must show that "the district court's assertion of personal jurisdiction over [them] would result in 'such extreme inconvenience or unfairness as would outweigh the congressionally articulated policy'

evidenced by a nationwide service of process provision." *Id*. at 444 (quoting *Denny's, Inc. v. Cake*, 364 F.3d 521, 524 n. 2 (4th Cir. 2004)).

A citizen of the United States would have difficulty showing such extreme inconvenience or unfairness. *Id*. Here, the Funds are administered in Falls Church, Virginia, Compl. ¶¶ 3, 5-8, which is within the Eastern District of Virginia and, as discussed below, Defendant was properly served with process. Because Defendant is incorporated under Minnesota law and has its principal place of business in Minnesota, Compl. ¶ 10, it would be "highly unusual" for Defendants to show that any "inconvenience will rise to a level of constitutional concern." *Plumbers & Pipefitters*, 791 F.3d at 444. Therefore, this Court has personal jurisdiction over Defendant.

Finally, venue is proper in this district under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), as the Funds are administered in this district, and their principal places of business are in Falls Church, Virginia. *See* Compl. ¶¶ 3, 5-8. Therefore, venue is appropriate in this Court.

### B.  Service of Process

Under 29 U.S.C. §§ 1132(e)(2) and 185(d), service of process is proper in any district where a defendant resides or may be found. Although §§ 1132(e) and 185(d) state where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effectuated "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." FED. R. CIV. P. 4(h). On July 18, 2023, after one unsuccessful attempt, a private process server served Northland by delivering a true and correct copy of the Summons and Complaint to Northland's authorized agent, Kevin Christofferson.

3

Dkt. No. 4. Therefore, Plaintiffs properly served Defendant, pursuant to 29 U.S.C. §§ 1132(e)(2) and 185(d) and Rule 4(h)(1)(B).

### C. Grounds for Default Judgment

Plaintiffs filed their Complaint on July 10, 2023. Dkt. No. 1. Defendant has failed to appear, answer, or file any other responsive pleadings in this matter. On August 16, 2023, Plaintiffs filed a Request for Entry of Default with the Clerk. Dkt. No. 5. On August 17, 2023, the Clerk entered default against the Defendant. Dkt. No. 6. On August 21, 2023, Plaintiffs filed a Motion for Default Judgment, and the Court conducted a hearing on the matter on September 15, 2023. Dkt. Nos. 7-10. After the Defendant failed to respond to the Motion, appear at the hearing, or otherwise defend this action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Dkt. No. 10.

## II. EVALUATION OF PLAINTIFFS' COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting default has the effect of admitting the factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston*

4

*Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiffs' claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### III.   FACTUAL FINDINGS AND ANALYSIS

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that Plaintiffs have established the following facts. Plaintiffs are trustees of multi-employer employee benefit plans administered at 3180 Fairview Park Drive, Suite 400, Falls Church, Virginia. Compl. ¶ 5-8. Defendant is a Minnesota corporation with its principal place of business in Virginia, Minnesota. *Id.* ¶ 10. Defendant is an "employer in an industry affecting commerce," as defined by 29 U.S.C. § 1002(5). *Id.*

At all times relevant to this action and through December 1, 2022, Defendant was signatory to the collective bargaining agreement ("CBA" or "Agreement") with Local Union No. 10 ("Local 10" or the "Union") and was obligated to submit monthly remittance reports and fringe benefit contributions to Plaintiffs for all hours worked or paid on behalf of Defendant's covered employees. Compl. ¶¶ 11-12. During the period of January through November 2022, Defendant employed certain employees within Local 10 who were covered under the Agreement. *Id.* ¶ 25. Defendant failed to make all obligatory contributions to Plaintiffs for work performed at the Defendant's request for the

5

months of January through November 2022, and failed to submit remittance reports due for the months of March through November 2022. *Id.* ¶ 30. Plaintiffs seek payment of delinquent contributions due to it under the Trust Document, for the months of January through November 2022, as well as the outstanding remittance reports for the months of March through November 2022. *Id.* ¶¶ 31-33. NPF also seeks an exit contribution under the Trust Agreement. *Id.* ¶ 26.

### A. Count I – Delinquent Contributions

Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers obligated to make contributions to a multi-employer plan under the terms of a collectively bargained agreement shall make such contributions in accordance with the agreement. Section 502 of ERISA, 29 U.S.C. § 1132(g)(2), establishes the damages imposed on an employer who fails to make the required contributions. Under that provision, in an action to enforce Section 515, the court shall award the plan unpaid contributions, interest on the unpaid contributions, liquidated damages provided for under the plan, not to exceed 20 percent of the unpaid contributions, reasonable attorneys' fees and costs, and other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2). If an employer breaches its contract with a labor organization, Section 301 of the LMRA, 29 U.S.C. § 185(a), provides that the organization may bring suit in any district of the United States having jurisdiction over the parties. 29 U.S.C. § 185(a).

According to the CBA and the Trust Document signed by Defendant, Defendant was obligated to provide reports to Plaintiffs and timely contribute to the Funds in accordance with those reports. Compl. ¶¶ 12-14, 18; Br. in Supp. of Pl.'s Mot. for Default J. at 3. Defendant failed to timely submit remittance reports for the months of March through November 2022, and failed to remit contributions owed during the period of January through November 2022. Plaintiffs filed a declaration in support of its motion, reflecting that Defendant owes contributions in the estimated amount of $6,274.30, $640.77 in interest (as of September 15, 2023), and $1,254.86 in liquidated damages on unpaid contributions. Geisler Decl. ¶¶ 16-19. Therefore, the undersigned Magistrate Judge finds that the following delinquent contributions,

liquidated damages, and interest are reasonable:

|  | *Delinquent Contributions* | *Liquidated Damages* | *Interest (through 9/15/2023)* | *Total* |
|---|---|---|---|---|
| Funds | $6,274.30 | $1,254.86 | $640.77 | $8,169.93 |

Defendant was also required to submit remittance reports for the months of March through November 2022. *See* Compl. ¶¶ 12-15; Br. in Supp. of Pl.'s Mot. for Default J. at 5. Accordingly, the above estimates are based on the hours Defendant reported for December 2021. Br. in Supp. of Pl.'s Mot. for Default J. at 5. Once Defendant provides the required reports, if the reports demonstrate that Northland would have owed more to the Funds than the estimated amounts, the undersigned recommends that the Defendant be liable to the Funds for any additional amounts.

### B. Count II – Exit Contribution

NPF also seeks an exit contribution from Defendant because Defendant had an event of withdrawal under Title IV of ERISA due to the cessation of Defendant's obligation to contribute as of December 1, 2022. Compl. ¶ 26. Pursuant to the CBA, to which Defendant was signatory, Defendant was required to abide by the terms and conditions of the Trust Agreements establishing the funds. Compl. ¶ 13. Article V, Section 6(a) of the NPF's governing trust agreement provides that an employer is liable for an exit contribution "to the NPF if it (i) ceases to have an obligation to the NPF, and (ii) had an event of withdrawal under Title IV or ERISA as a result of the cessation of its obligation to contribute but was not required to pay withdrawal liability under Title IV of ERISA." Compl. ¶ 18. Article V, Section 6(g) of the Trust Agreement provides that since an exit contribution is a type of contribution the employer is required to pay under the Trust Agreement, an employer's failure to make an exit contribution is a delinquency and is treated the same as any other delinquent contribution under Section 515 of ERISA, 29 U.S.C. § 1145. Accordingly, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the Agreements, the Trust Agreements, and Section 301 of the LMRA, 29 U.S.C. § 185, in an

7

action seeking delinquent exit contribution, Defendant is also liable for accrued interest, liquidated damages, and attorneys' fees and costs.

Northland ceased to have an obligation to contribute to the NPF as of December 1, 2022. Compl. ¶ 26; Geisler Decl. ¶ 20. The NPF determined that pursuant to ERISA's *de minimis* rule, Northland was not required to pay withdrawal liability. Geiser Decl. ¶ 20. The Trust Agreement provides that the amount of an employer's exit contribution is equal to the amount of the employer's contributions due for the 36-month period preceding the month in which the employer ceased to have an obligation to contribute to the NPF. *Id.* ¶ 20. NPF notified Northland by letter, dated December 12, 2022, that Northland owed an exit contribution in the amount of $19,059.00. *Id.* ¶ 22; Compl. ¶ 41. To date, Northland has not paid any amount toward the required exit contribution. Geisler Decl. ¶ 22; Compl. ¶ 41. Plaintiffs filed a declaration in support of its motion, reflecting that Defendant owes NPF an exit contribution in the amount of $19,059.00 as well as $1,086.62 in interest (through September 15, 2023), and $3,811.80 in liquidated damages. Geisler Decl. ¶¶ 21-26. Therefore, the undersigned Magistrate Judge finds that the following delinquent contributions, liquidated damages, and interest are reasonable:

|  | *Exit Contributions* | *Liquidated Damages* | *Interest (through 9/15/2023)* | *Total* |
|---|---|---|---|---|
| Funds | $19,059.00 | $3,811.80 | $1,086.62 | $23,957.42 |

### C. Attorneys' Fees and Costs

Finally, Plaintiffs seek $3,068.92 in attorneys' fees and costs. *See* Decl. of Diana M. Bardes ¶¶ 5-6. When a plaintiff is awarded judgment to collect unpaid sums under ERISA, the plaintiff is entitled to collect the reasonable attorneys' fees and costs of the action. 29 U.S.C. § 1132(g)(2)(D).

Plaintiffs provided a declaration from their attorney and a detailed billing statement in support of their request for attorneys' fees and costs. Dkt. No. 8-2. In those documents, Plaintiffs claim $568.92 in costs and $2,500.00 in attorneys' fees, based on 12.8 hours of expended counsel time at a rate of

8

$275.00 per hour for partners and $150.00 per hour for paralegals. *Id.* ¶¶ 5-6. Time spent by counsel includes researching legal theories, drafting and filing the complaint, arranging for service of process, drafting and filing clerk's entry of default, and drafting the motion for default judgment and supporting documents. *Id.* at ¶ 5. The undersigned finds these rates to be consistent with reasonable rates charged in the Eastern District of Virginia for like matters and the number of billable hours spent on the case to be reasonable. Therefore, the undersigned finds Plaintiffs' request for attorneys' fees and costs to be reasonable and recommends an award of $3,068.92.

## IV. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of Board of Trustees Sheet Metal Workers' National Pension Fund. In sum, Plaintiff is entitled to damages for delinquent contributions in the amount of $8,169.93, the exit contribution in the amount of $23,957.42, and attorneys' fees and costs in the amount of $3,068.92, for a total amount of $35,196.27. The undersigned also recommends that Defendant be required to submit the monthly remittance reports for the months of March through November 2022, and that the Court retain jurisdiction over this dispute until such reports are provided and to enter judgment against Defendant for any additional amounts found to be due as a result of the March through November 2022 reports once provided.

## V.  NOTICE

By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/ Ivan D. Davis<br>
Ivan D. Davis<br>
United States Magistrate Judge

November 15, 2023  
Alexandria, Virginia